■ LYNN ST. JOHN, Respondent, v ALLAN M. SCHNEIDER & ASSOCIATES REAL ESTATE, INC., et al., Appellants. [721 NYS2d 102] —In an action, *inter alia,* for a judgment declaring invalid the August 14, 1997, valuation of certain shares in a closely-held corporation at $5,408.33 per share, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 14, 2000, as, upon renewal, adhered to a prior determination dated January 27, 2000, denying their motion, among others things, in effect, for summary judgment dismissing the complaint and on their counterclaim for a judgment declaring that the plaintiff is required to sell the subject shares to the defendants at $5,408.33 per share.

Ordered that the order dated June 14, 2000, is reversed insofar as appealed from, on the law, with costs, upon renewal, those branches of the motion which were, in effect, for summary judgment dismissing the complaint and on the counterclaim are granted, the order dated January 27, 2000, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is required to sell the subject shares to the defendants at $5,408.33 per share.

It is undisputed that the shares of the plaintiff's decedent in the defendant Allan M. Schneider & Associates Real Estate, Inc. (hereinafter the corporation), which is a closely-held corporation, are required to be sold to the defendant shareholders. The plaintiff served written notice on or about January 9, 1998, of his appointment as the executor of the decedent's

estate. Pursuant to the shareholders' agreement, that notice constituted notice to the remaining shareholders to buy the decedent's shares within 90 days.

There is no evidence in the record that the defendants breached the shareholders' agreement. Rather, the issue in contention between the parties is the price that is to be paid for the shares. Pursuant to the agreement, the value of the shares was to be determined annually by the shareholders. The agreement further provided: "Such determination shall be made within three (3) months of the date of preparation of an annual statement or date of execution of the Corporation's income tax return, which ever date is sooner. The last determined value shall determine the value of the stock unless no determination has been made for at least two (2) calendar years. Such determination shall be binding on all the shareholders, their personal representatives, heirs, legatees, successors and assigns."

The defendants, *inter alia*, assert that the plaintiff is required to sell the decedent's shares to them at $5,408.33 per share, which was set forth in a schedule dated August 14, 1997. The plaintiff claims that, pursuant to the shareholders' agreement, the August 14, 1997, valuation is invalid because it was arrived at more than three months after February 24, 1997, when the corporation mailed its corporate tax return. Before August 14, 1997, the shareholders last determined the value of the shares on December 31, 1995, to be $5,241.67 per share. The plaintiff claims the December 31, 1995, valuation cannot be used, as it was arrived at more than two years before January 9, 1998.

On January 25, 1996, the corporation's accountant was first engaged to determine the value of the shares as of December 31, 1995. The December 31, 1995, valuation was submitted to the shareholders for their approval in a report by the accountant dated June 12, 1996. Each shareholder initialed the valuation. Accordingly, the shareholders' determination with respect to the December 31, 1995, value was reached in 1996, within two calendar years of January 9, 1998. Pursuant to the shareholders' agreement, that valuation would be binding upon the plaintiff unless it was superseded by a subsequent determination of value. However, the defendants, in their answer and counterclaim, offered to purchase the decedent's shares at the higher August 14, 1997, value of $5,408.33 per share. Therefore, we remit the matter to the Supreme Court, Suffolk County, for entry of a judgment declaring that the plaintiff is required to sell the decedent's shares to the defendants at $5,408.33 per

share (see, *Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.